IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DALLAS BUYERS CLUB, LLC, | ) |
|     Plaintiff, | ) Case No.: 14-cv-3504 ) |
| v. | ) Judge Matthew F. Kennelly ) |
| DOES 1 – 27, | ) Magistrate Judge Maria Valdez ) |
|     Defendants. | ) ) |

**PLAINTIFF'S THIRD SUPPLEMENTAL MEMORANDUM ON JOINDER**

Plaintiff, Dallas Buyers Club, LLC, by and through undersigned counsel, and in response to the Court's request to discuss the presence of "question[s] of law or fact common to all defendants" under Rule 20(a)(2) in light of the Supreme Court's decision in *Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541 (2011), states as follows:

I.     **Introduction**

This case seeks redress for the ongoing infringement of Plaintiff's award-winning, copyrighted mainstream motion picture, "Dallas Buyers Club." The motion picture was directed by Jean-Marc Vallée, and stars Matthew McConaughey, Jennifer Garner, Jared Leto, Denis O'Hare and Steve Zahn, among others.

At the Court's request, Plaintiff recently filed two supplemental memoranda in support of Plaintiff's Motion for Leave to Take Discovery Prior to Rule 26(f) Conference (Dkt. No. 8) ("Discovery Memo"); the first addressing the decision of the Court of Appeals for the D. C. Circuit in *AF Holdings, LLC v. Does 1-1058*, ---F.3d ----, 2014 WL 2178839 (D.C. Cir. 2014) (Dkt. No. 14) ("Supplemental Memo I"), and the second demonstrating that the Doe Defendants engaged in a "series of transactions or occurrences" under Fed. R. Civ. P. 20(a)(2) and highlighting the Court's discretion over joinder determinations, particularly

1

as applied to the number of defendants joined in a given case (Dkt. No. 19) ("Supplemental Memo II").[1] On July 14, 2014, this Court requested that Plaintiff address the additional question of whether Plaintiff can meet the criteria of Rule 20(a)(2)(B) that "any question of law of fact common to all defendants will arise in the action," Fed. R. Civ. P. 20(a), in light of the Supreme Court's decision in *Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541 (2011), interpreting Rule 23(a)(2). As set forth below, *Wal-Mart Stores* does not prohibit or even counsel against joinder here, and in accordance with Rule 20(a)(2)(B), Plaintiff has presented several factual and legal questions common to all the Doe Defendants, and thus, has demonstrated that joinder is appropriate.

II.  Argument

   a. The Supreme Court's Decision in *Wal-Mart Stores* Does Not Limit Joinder Under Rule 20(a)(2)

Federal Rule of Civil Procedure 20 provides for permissive joinder of multiple defendants where two requirements are met: (1) the right to relief asserted against each defendant relates to or arises out of the same transaction, occurrence or series of transactions or occurrences; and (2) "*any* question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2) (emphasis added). Rule 23(a)'s list of prerequisites for class actions also contains a "common question" requirement. Fed. R. Civ. P. 23(a) (there must be "questions of law or fact common to the class"). Despite the similar language, however, the commonality elements are interpreted differently based on fundamental differences between the purposes and practicalities of the two rules. *See e.g. Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000) (noting that a class action is not a

---

[1] Plaintiffs' supplemental memoranda, including this one, apply to this case as well as several other cases before this Court that arise out of generally similar fact patterns—people operating together in a single BitTorrent swarm to steal a copy of the Plaintiff's copyrighted movie. These cases include: *Dallas Buyers Club, LLC v. Does 1-55* (Case No. 14-cv-01638); *Dallas Buyers Club, LLC v. Does 1-41* (Case No. 14-cv-02156); *Dallas Buyers Club, LLC v. Does 1-33* (Case No. 14-cv-02170); and *Countryman Nevada, LLC v. Does 1-51* (Case No. 14-cv-01382).

2

mere "invitation to joinder") (quoting *American Pipe & Construction Co. v. Utah,* 414 U.S. 538, 550 (1974)); *see also Fisher v. Ciba Specialty Chems. Corp.*, 245 F.R.D. 539, 542 (S.D. Ala. 2007) ("The Rule 20 inquiry is distinct from that under Rule 23, and a ruling against the plaintiffs on the latter in no way suggests (much less mandates) a like outcome with respect to the former."). The Supreme Court's decision in *Wal-Mart Stores*, which imposed substantially stricter Rule 23 commonality requirements on plaintiffs seeking to certify a class action, does not erase the distinction between the rules.

Indeed, in the three years since *Wal-Mart Stores*, it appears that no court has applied the Supreme Court's holding to Rule 20(a). In fact, even as courts in this district and across the country have been restricting Rule 23 class actions pursuant to *Wal-Mart Stores*, they have continued to grant joinder of parties liberally, including in copyright cases similar to the cases before this court. *See e.g., Site B, LLC v. Does 1-51,* 13 C 5295, 2014 WL 902688 (N.D. Ill. Mar. 7, 2014); *TCYK, LLC v. Does 1-62*, 13 C 3842, 2013 WL 6671675 (N.D. Ill. Dec. 18, 2013); *Zambezia Film Pty, Ltd. v. Does 1-65*, 13 C 1321, 2013 WL 4600385 (N.D. Ill. Aug. 29, 2013). *See also Kassman v. KPMG LLP*, 925 F. Supp. 2d 453 (S.D.N.Y. 2013) (discussing but not ruling on class certification under *Wal-Mart Stores*, and then granting joinder of plaintiffs without reference to *Wal-Mart Stores*).

Even after *Wal-Mart Stores*, the continuing distinction between the Rule 20 and Rule 23 two commonality tests is appropriate. Joinder is strongly encouraged. *United Mine Workers of Am. v. Gibbs,* 383 U.S. 715, 724 (1966); *Purzel Video GmbH v. Does 1-108*, 13 C 0792, 2013 WL 6797364, at *4, 6 (N.D. Ill. Dec. 19, 2013); *TCYK*, 2013 WL 6671675, at *3-4. The text of Rule 20 indicates it is to be read broadly, by emphasizing that "any" common question that will "arise" is sufficient to permit joinder. Fed. R. Civ. P. 20(a)(2); *see also Lee v. Cook Cnty., Ill.*, 635 F.3d 969, 971 (7th Cir. 2011) (permitting joinder); *Fisher*, 245 F.R.D.

at 543 ("Rule 20 contemplates a much lower threshold for allowing plaintiffs' claims to proceed to trial together than is required by Rule 23 for class certification.").[2] The requirements of Rule 20, including the commonality requirement, are "not rigid tests. They are flexible concepts used by the courts to implement the purpose of Rule 20 and therefore are to be read as broadly as possible whenever doing so is likely to promote judicial economy." 7 Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure § 1653 (3d ed.) (footnotes omitted); *see also Gibbs,* 383 U.S. 724 (1966) ("Under the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged."). The soundness of this liberal approach to joinder is particularly evident in copyright cases such as those currently before this Court which are at the stage when a plaintiff is merely seeking to identify the alleged infringers. As several courts have noted, at this early point in the litigation, the defendants are not yet named parties, and so they are not required to respond to the plaintiff's allegations or assert a defense. *See e.g.*, *Patrick Collins v. Does 1–2,590,* No. C–11–2766, 2011 WL 4407172 at *7 (N.D. Cal. Sept. 22, 2011); *Call of the Wild Movie*, 770 F. Supp. 2d 332, 344 (D.D.C. 2011); *Donkeyball Movie, LLC v. Does 1-171*, 810 F. Supp. 2d 20, 30 (D.D.C. 2011); *see also* 7 Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure § 1653 (3d ed.) (no prejudice is likely to result from the joinder of even marginally related parties at the pleading stage);

---

[2] Courts do occasionally suggest in error that the predominance language of Rule 23, or something similar, should be imported into the Rule 20 test for commonality, *see, e.g., Martinez v. Haleas*, 07 C 6112, 2010 WL 1337555, at *3 (N.D. Ill. Mar. 30, 2010) (holding that the logic by which the court found plaintiffs failed under Rule 23 to "demonstrate the common legal or factual questions of class predominate over the individual questions" applied to his Rule 20(a) joinder motion). Rule 20, however, clearly contains no predominance requirement. *Lee*, 635 F.3d at 971 ("The common question need not predominate; that's a requirement for class actions, not for permissive joinder.").

4

*First Time Videos, LLC v. Does 1-500,* 276 F.R.D. 241, 252 (N.D. Ill. 2011) ("[p]rospective factual distinctions. . .will not defeat the commonality in facts and legal claims that support joinder under Rule 20(a)(2)(B) at this stage in the litigation.")

As *Wal-Mart Stores* makes clear, in contrast to the liberal joinder requirements of Rule 20(a), the class action prerequisites of Rule 23(a) must be subjected to a "rigorous analysis" and courts must exercise restraint to ensure that the named plaintiffs are appropriate representatives of the class whose claims they wish to litigate and whose members the outcome of the class claims will bind. 131 S.Ct. at 2550-2551. These same concerns do not, of course, apply to joined parties, who are individually named and represent themselves. *Wal-Mart Stores* also stresses manageability, which was of particular concern there because it was "one of the most expansive class actions ever" and sought to challenge "literally millions of employment decisions at once." 131 S.Ct. at 2547, 2552. The unprecedented and sprawling nature of the proposed mega-class in *Wal-Mart Stores* animated much of the Court's decision that plaintiffs presented no common question—that is, no issue "capable of classwide resolution…that the determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke" (*id.* at 2551)—because the only commonality among the millions of individual employment decisions at issue was that they were made pursuant to Wal-Mart's policy of allowing discretion by local supervisors in employment matters. *Id.* at 2552, 2554.[3]

---

[3] Since the *Wal-Mart Stores* decision, the Seventh Circuit has clarified the standard for Rule 23(a) commonality in this Circuit:

> [T]he Seventh Circuit has explained that in order to show commonality, a plaintiff must demonstrate that the class members all "suffered the same injury." *Jamie S. v. Milwaukee Pub. Sch.,* 668 F.3d 481, 497 (7th Cir. 2012) (citing *Wal–Mart Stores,* 131 S.Ct. at 2551); *Bolden v. Walsh Const. Co.,* 688 F.3d 893, 896 (7th Cir.2012). "[S]uperficial common questions—like whether ... each class member suffered a violation of the same provision of law—are not enough." *Id.* (internal quotation marks omitted). Rather, class claims must depend on a common contention that is capable of classwide resolution, "which means that

5

In contrast, Rule 20 joinder would likely never be used to join so many vastly disparate parties, and it certainly will not be used to do so in these cases; indeed, Rule 23 comes into play only if Rule 20 cannot be used because "the class is so numerous that joinder is impracticable." Fed. R. Civ. P. 23(a)(1). Unlike in the unwieldy class action proposed in *Wal-Mart Stores*, in the instant case the interests of judicial and administrative efficiency for the Court, the plaintiffs, and the ISP weigh in favor of joining these claims. *See Elmore* 227 F.3d at 1012 (purpose of joinder is to enable economies in litigation without prejudicing either party's rights or defenses).[4] Indeed, joinder may be more beneficial for the Doe Defendants, as they will be informed of the defenses, if any, raised by other Doe Defendants. *Patrick Collins, Inc. v. Does 1-22*, 11-CV-01772-AW, 2011 WL 5439005 (D. Md. Nov. 8, 2011); *see also London–Sire Records, Inc. v. Doe 1,* 542 F.Supp.2d 153, 161 (D. Mass. 2008).

A final and important distinction between Rule 20 joinder and Rule 23 class actions that makes *Wal-Mart Stores* further inapplicable to the former is a court's explicit power, subject only to abuse of discretion, to manage a joinder case with a precision not possible in a class action. That is, a court's power to sever previously joined parties if, for example, the number of parties proves unmanageable or unfair to either side or if joined defendants raise too many varied defenses to be efficiently litigated in one case (individual defendants may

---

determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal–Mart Stores,* 131 S.Ct. at 2551.

*Healey v. Int'l Bhd. of Elec. Workers, Local Union No. 134*, 296 F.R.D. 587, 591 (N.D. Ill. 2013) (Kennelly, J.).

[4] The alternative, dozens of separate lawsuits making the identical claim, is particularly inefficient at this stage in these cases because it may be that Plaintiff dismisses certain defendants after receiving additional information from the ISP. *See TCYK,* 2013 WL 6671675 at *4 ("joinder at this stage of the litigation is more efficient than requiring Plaintiff to file 62 cases in order to obtain the discovery required to identify those responsible for downloading and distributing its motion picture…and would also require the court to address the same factual and legal issues in multiple cases.").

6

also seek this relief), provides protection against the parade of horribles *Wal-Mart Stores* is intended to prevent. *See* Fed. R. Civ. P. 20(b), 21; Dkt. No. 19 at 6-7 (Supplemental Memo II). One reason a court's class action commonality analysis must be so exacting is that if differences among class members arise or the case becomes unmanageable, a court's only option is to decertify the entire class. The decision to certify a class, therefore, can have much more significant and prejudicial effects on the litigation than the initial grant of joinder Plaintiff is seeking in these cases.

In sum, there is no case law holding or even suggesting the Rule 23(a) commonality analysis of *Wal-Mart Stores* should be grafted onto Rule 20(a), and the differences between the two rules make clear that the Supreme Court's holding is inapposite to the joinder rules.

    **b. There Are Common Questions of Law and Fact Sufficient to Satisfy Rule 20(a)(2)(B) and Rule 23(a)(2)**

Here, there are clearly numerous questions of law and fact common to all defendants that satisfy the requirement of Rule 20(a)(2)(B). Moreover, even if the Court were to apply the commonality requirement of Rule 23(a)(2) and *Wal-Mart Stores* to Plaintiff's request for joinder, there are common questions sufficient to meet that heightened standard as well.

As set forth in great detail in Plaintiff's previous filings, Plaintiff alleges that the Doe Defendants infringed its exclusive rights in the copyrighted motion pictures at issue through their use of a BitTorrent file transfer protocol to reproduce and distribute the content to and among third parties. Plaintiff specifically alleges that the infringement occurred when each Doe Defendant participated in a "swarm" of users that reproduced and distributed the same "seed file" of Plaintiff's copyright work. *See* Dkt. No. 1, ¶¶ 15-16 (Complaint); Dkt. No. 8 at 4-7 (Discovery Memo); Dkt. No. 14 at 6-10 (Supplemental Memo I); Dkt. No. 19 at 2-6 (Supplemental Memo II). From these allegations arise several

questions of law and fact that are common to all of the Doe Defendants and well-suited to be resolved in joined litigation. Common legal issues include: whether Plaintiff holds title to the copyrights at issue, whether the copyrights are valid, and whether entering a BitTorrent swarm constitutes copyright infringement (either direct infringement, contributory infringement, or both). Common factual issues include how BitTorrent operates to illegally distribute and download movies, and the methods utilized by Plaintiff to investigate, uncover and collect evidence about each Defendant's infringing activity. In addition, any determination about the amount of statutory or actual damages to which Plaintiff contends each Defendant is liable likely will present very similar, if not identical, issues. *See* 17 U.S.C. § 504.

Since the Supreme Court issued its *Wal-Mart Stores* decision, numerous courts both within this district and in other jurisdictions have continued to find common issues of law and fact under Rule 20(a)(2)(B) in similar infringement cases. *See, e.g.*, *Site B, LLC v. Does 1-51*, 13 C 5295, 2014 WL 902688, at *4 (N.D. Ill. Mar. 7, 2014) (finding common issues of law included whether copying and distributing through a BitTorrent swarm constitutes copyright infringement and noting, the "factual inquiry into the method used in any alleged copyright infringement will be substantially identical, as the methods [Plaintiff] will use to investigate, uncover, and collect evidence about any infringing activity will be the same as to each Doe Defendant."); *Flava Works, Inc. v. Does*, 12 C 07869, 2014 WL 222722, at *5 (N.D. Ill. Jan. 21, 2014) ("Common questions of law and fact include whether the copyright is valid and held by Flava, and whether entering a BitTorrent swarm constitutes copyright infringement."); *Purzel Video GmbH v. Does 1-108,* 2013 13-cv-0792 WL 6797364, at *5 (whether transferring motion picture through BitTorrent swarm infringes upon Plaintiff's copyright, in violation of the Copyright Act, presents common issue of law); *TCYK, LLC v.*

8

*Does 1-62*, 13 C 3842, 2013 WL 6671675, at *4 (N.D. Ill. Dec. 18, 2013) (same); *Bicycle Peddler, LLC v. Does 1-99*, 13 C 2375, 2013 WL 4080196, at *5 (N.D. Ill. Aug. 13, 2013) (same); *Pac. Century Int'l v. Does 1-31*, 11 C 9064, 2012 WL 2129003, at *3 (N.D. Ill. June 12, 2012) (finding common questions included whether Plaintiff was a proper copyright holder, whether violations of the Copyright Act occurred, and whether entering a BitTorrent swarm constitutes willful copyright infringement); *First Time Videos, LLC v. Does 1-500*, 276 F.R.D. 241, 252 (N.D. Ill. 2011) (finding common issues included validity of copyright and exclusive rights reserved as copyright holders, factual inquiry into method of infringement, and Plaintiff's methods of investigating and collecting evidence). *Accord Raw Films, Ltd. v. John Does 1-15*, CIV.A. 11-7248, 2012 WL 1019067, at *4 (E.D. Pa. Mar. 26, 2012) (claims "will feature largely duplicative proof regarding the nature of BitTorrent, the plaintiff's ownership interest in the copyright for the Work, and the forensic investigation conducted by the plaintiff. These common questions of fact are likely to arise along with the legal standards for direct and contributory copyright infringement liability."); *Nu Image, Inc. v. Does 1-3,932*, 2:11-CV-545-FTM-29, 2012 WL 646070, at *6 (M.D. Fla. Feb. 28, 2012) *report and recommendation adopted*, 2:11-CV-545-FTM-29, 2012 WL 1890632 (M.D. Fla. May 23, 2012) (common issues included the validity of the copyrights in the work at issue and the infringement of the exclusive rights reserved to the plaintiff as the copyright holder); *Patrick Collins, Inc. v. John Does 1–33,* No. 11–cv–02163, 2012 WL 415424, at *3 (D. Colo. Feb. 8, 2012) (common legal issues included establishing plaintiff was the owner of work, copying had occurred within the meaning of Copyright Act, entering a swarm constitutes a willful act of infringement, and case required common factual inquiry into method of infringement, and plaintiff's methods of investigating and collecting evidence); *Patrick Collins v. Does 1–2,590,* No. C–11–2766, 2011 WL 4407172, at *6 (N.D. Cal. Sept.

22, 2011) ("Plaintiff will have to establish against each Defendant the same legal claims concerning the validity of the copyright . . . and the infringement of the exclusive rights reserved to Plaintiff as copyright holder."). Accordingly, joinder is clearly appropriate pursuant to Rule 20(a).

Furthermore, while Plaintiff need not meet the heightened commonality standard set forth in *Wal-Mart Stores* to show joinder is appropriate pursuant to Rule 20(a), *see supra* Section II(a), here, it can. "Determination of [the] truth or falsity" of several of the common factual and legal issues here "will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores,* 131 S.Ct. at 2551. If Plaintiff does not hold title to a valid copyright, none of the Defendants can be held liable. *See, e.g.*, *Peters v. W.*, 692 F.3d 629, 632 (7th Cir. 2012) ("[p]roving infringement of a copyright owner's exclusive right under 17 U.S.C. § 106[]…requires proof of …ownership of a valid copyright"). Similarly, a rejection of Plaintiff's swarm infringement theory would be universally fatal to Plaintiff's claims against all Doe Defendants. *See, e.g., Purzel Video GmbH* 2013 WL 6797364, at *5 ("The claims against each defendant rest on the question of whether transferring the motion picture through a BitTorrent swarm infringed upon Purzel's copyright, in violation of the Copyright Act."). These issues meet even the Rule 23(a) commonality requirement because they "can be answered *all at once* and that the *single answer* to that question will resolve a central issue in all … claims." *Jamie S. v. Milwaukee Pub. Sch.*, 668 F.3d 481, 497 (7th Cir. 2012) (emphasis in original).

None of the courts cited above evaluating copyright actions like those here saw fit to limit their joinder inquiry based on *Wal-Mart-Stores*. Plaintiff respectfully submits that this Court should decline to do so as well. In any event, as set forth above, even if the Supreme Court's exacting Rule 23(a)(2) standard were applied to the question of Rule 20 joinder in

10

these cases, joinder would still be appropriate because there are sufficient common issues of law and fact that present issues that are "central to the validity of each one of the claims." *Wal-Mart Stores,* 131 S.Ct. at 2551.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully submits that joinder of the Doe Defendants in the BitTorrent copyright cases before this Court is appropriate under Federal Rule of Civil Procedure 20(a)(2) and Plaintiff's joined cases against them should be permitted to continue.

Date: July 24, 2014	Respectfully submitted,

DALLAS BUYERS CLUB, LLC

By:	s/ Michael A. Hierl
Michael A. Hierl (Bar No. 3128021)
Todd S. Parkhurst (Bar No. 2145456)
Karyn L. Bass Ehler (Bar. No. 6285713)
Hughes Socol Piers Resnick & Dym, Ltd.
Three First National Plaza
70 W. Madison Street, Suite 4000
Chicago, Illinois 60602
(312) 580-0100 Telephone

Attorneys for Plaintiff
Dallas Buyers Club, LLC

## **CERTIFICATE OF SERVICE**

      The undersigned attorney hereby certifies that a true and correct copy of the foregoing Third Supplemental Memorandum on Joinder was filed electronically with the Clerk of the Court and served on all counsel of record and interested parties via the CM/ECF system on July 24, 2014.

                                                                                                              s/Michael A. Hierl